IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| SHEYENNE MORRIS BY AND THROUGH HER PARENTS, ROBERT AND JULIE BARNES, & ROBERT AND JULIE BARNES IN THEIR INDIVIDUAL CAPACITIES | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO: _____ |
| Joel Walker and Patricia Walker, | ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) ) | |
| _____ | ) | |

## COMPLAINT FOR DAMAGES, TEMPORARY  RESTRAINING ORDER, AND PERMANENT INJUNCTIVE RELIEF

COMES NOW Sheyenne Morris by and through her parents Robert Barnes and Julie Barnes, and Robert Barnes and Julie Barnes in their individual capacities, Plaintiffs herein, and hereby file this complaint for damages, temporary restraining order, and permanent injunctive relief against Defendants showing the Court the following:

Jurisdiction and Venue

1.

This is an action arising under the Fair Housing Amendments Act of 1988 ("FHAA"), 42 U.S.C. §§3601-3631 and Georgia state law.  The jurisdiction of the

Court is conferred pursuant to 28 U.S.C. §1331, and 28 U.S.C. §1367 for Plaintiffs' state law claims.

2.

Venue is proper in this court under 42 U.S.C. 2000e-(f)(3).

The Parties
3.

Plaintiffs Sheyenne Morris, Robert Barnes, and Julie Barnes are and at all times herein citizens and residents of the State of Georgia and entitled to bring actions of this kind and nature.  The Barnes' daughter, Sheyenne, is handicapped having Down Syndrome and resides in the Barnes' home.

Joel Walker and Patricia Walker are neighbors of Plaintiffs and seek to enforce covenants of the Twin Springs development in Fannin County, Georgia.

4.

Defendants may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure.

Facts
5.

Plaintiffs purchased their property in Twin Springs when it was described as a mini farm, and seller's disclosures indicated that there were no restrictive covenants on the land.  Due to Sheyenne's disability Plaintiffs obtained assistance

2

animals to help with Sheyenne's disability.   These included horses for equine therapy.

In or about 2019, Defendants trespassed onto Plaintiffs' property.   Thereafter Plaintiffs placed a fence onto their property line.   Since that time Defendants have engaged in harassing and threatening actions against Plaintiffs, including discriminating against Sheyenne.

6.

These actions have included bringing a lawsuit against Plaintiffs to enforce covenants to the land of Twin Springs that prohibit the assistance animals for Sheyenne's disability.   After this threat, Plaintiffs advised Defendants through Defendants' attorney and in conversations during judicial conferences that the animals should be allowed under the FHAA as a reasonable accommodation, and that any restrictive covenants should be waived or modified due to Sheyenne's disability.   And that any further actions by Defendants to violate the FHAA would result in the instant lawsuit.

Despite this Defendants continued in their legal action knowing that Sheyenne suffers from a serious and terminal health condition and that the assistance animals work, assist, and or perform task and services for the benefit of Sheyenne and provide emotional support that improves the symptoms of her disability.

Threatening or denying access to assistance animals to a handicapped individual is a violation of the FHAA.

7.

On October 18, 2022, Defendants despite being warned that their actions were in violation of the FHAA obtained an order from Superior Court in Fannin County to remove the assistance animals.

8.

This action, considering Plaintiff Sheyenne's handicap, which Defendants were notified of in writing and verbally, was outrageous and an intentional effort to inflict emotional distress and further endanger Sheyenne and Plaintiffs' health and well-being.

9.

The timing of the lawsuit, despite being notified of Sheyenne's disability, was also an outrageous and brazen attempt to further intimidate and coerce Plaintiffs despite Defendants knowing of Sheyenne's handicap and that she would be denied the assistance so necessary for her and her well-being.  As a result, Plaintiffs have experienced pain, suffering, and humiliation.  Further, Plaintiffs suffered and continue to suffer emotional distress because of the actions of Defendants.

This action was a clear violation of the FHAA which makes it unlawful "to coerce, intimidate, threaten, or interfere with Plaintiffs' right to enjoy fair housing.

4

10.

Further, through information and belief other residents of Twin Springs have animals in violation of the restrictive covenants, yet Defendants have only sued Plaintiffs to enforce the covenants.

Through information and belief these other residents are not handicapped and the application of this policy to Plaintiff Sheyenne who is handicapped and those in her household is clearly discrimination based on her handicap and a violation of the FHAA.

### Count One:  Violation of the FHAA-Discrimination

11.

Plaintiffs reallege and incorporate herein all preceding paragraphs of this Complaint.

12.

Defendants' actions constitute unlawful discrimination against Plaintiffs due to their daughter Sheyenne's handicap in violation of the FHAA, 42 U.S.C. §§3601-3631.

13.

As a direct and proximate result of Defendants' violation of the FHAA, Plaintiffs have been damaged and are entitled to the relief set forth in this Prayer for Relief.

<u>Count Two:  Violation of the FHAA-Discrimination based on
association with a person with a handicap</u>

14.

Plaintiffs reallege and incorporate herein all preceding paragraphs of this Complaint.


15.

Defendants' actions constitute unlawful discrimination to those in Plaintiffs' household or who may in the future reside in their household due to Sheyenne's handicap in violation of the FHAA, 42 U.S.C. §§3601-3631.

16.

As a direct and proximate result of Defendants' violation of the FHAA Plaintiffs have been damaged and are entitled to the relief set forth in this Prayer for Relief.

<u>Count Three:  Violation of the FHAA- Interference,
coercion, and intimidation with Plaintiffs' right to enjoy fair housing</u>

17.

Plaintiffs reallege and incorporate herein all preceding paragraphs of this Complaint.


18.

Defendants' actions in taking actions to prohibit assistance animals for Sheyenne constitute violations of the FHAA, 42 U.S.C. §§3601-3631 by interfering,

coercing, and intimidating Plaintiffs thereby interfering with Plaintiffs' right to enjoy fair housing.

19.

As a direct and proximate result of Defendants' violations, Plaintiffs have been damaged and are entitled to the relief set forth in this Prayer for Relief.

Count Four:  Retaliation against Plaintiffs for Asserting their rights under the FHAA

20.

Plaintiffs reallege and incorporates herein all preceding paragraphs of this Complaint.

21.

Plaintiffs  informed Defendants repeatedly that their actions were in violation of the FHAA. Defendants then unlawfully retaliated against and continued to retaliate and increase their harassment of Plaintiffs after they complained to Defendants that they were violating the FHAA, 42 U.S.C. §§3601-3631.

22.

As a direct and proximate result of Defendants' violation of the FHAA, Plaintiffs have been damaged and are entitled to the relief set forth in this Prayer for Relief.

Count Five: FHAA Discrimination and Harassment Based on Protected Characteristic

23.

Plaintiffs reallege and incorporate herein all preceding paragraphs of this Complaint.

24.

Other homeowners have animals on their properties in Twin Springs, yet Defendants have sued to enforce the covenants of Twin Springs *only* against the Plaintiffs due to Sheyenne's handicap.

25.

As a direct and proximate result of Defendants' violation of the FHAA and discriminating against Plaintiffs they have been damaged and are entitled to the relief set forth in this Prayer for Relief.

<u>Count Six: Invasion of Privacy</u>

26.

Plaintiffs reallege and incorporate herein all preceding paragraphs of this Complaint.

27.

Plaintiffs informed Defendants of their violation of the FHAA. Defendants responded with increased harassing conduct that invaded the privacy of Plaintiffs, including questioning the disability of Sheyenne.

28.

As a direct and proximate result of Defendants' invasion of privacy Plaintiffs have been damaged and are entitled to the relief set forth in this Prayer for Relief.

## Count Seven:  Intentional Infliction of Emotional Distress

29.

Plaintiffs reallege and incorporate herein all preceding paragraphs of this Complaint.

30.

Defendants' actions as outlined above constitute intentional infliction of emotional distress so as to entitle Plaintiffs to damages, including punitive, against Defendants, as specified in this Prayer for Relief.

31.

As a direct and proximate result of Defendants' intentional infliction of emotional distress on Plaintiffs, they have been damaged and are entitled to the relief set forth in this Prayer for Relief.

## Count Eight:  Punitive Damages

32.

Plaintiffs realleges and incorporate herein all preceding paragraphs of this Complaint.

33.

Defendants have engaged in willful, intentional, and grossly reckless misconduct, such that Plaintiffs are entitled to recover punitive damages from Defendants in an amount to be determined by the enlightened conscience of the jury.

Count Nine:  Laches
34.

Plaintiffs realleges and incorporates herein all preceding paragraphs of this Complaint.

Defendants knowingly brought their action in state court more than two years after the right of action accrued in violation of OCGA § 9-3-29.  The state action should be enjoined due to this violation of the law.

As a direct and proximate result of Defendants' violation of the law Plaintiffs have been damaged and are entitled to the relief set forth in this Prayer for Relief.

Count Ten: ATTORNEY'S FEES under the FHAA and O.C.G.A. §13-6-11
35.

Plaintiffs reallege and incorporate herein all preceding paragraphs of this Complaint.

36.

Defendants have acted in bad faith, been stubbornly litigious, and have caused Plaintiffs unnecessary trouble and expense, thereby entitling Plaintiffs to an award

for expenses of litigation including attorney fees.  Under the FHAA Plaintiffs are also entitled to their attorneys' fees and costs of this litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray:

(a) for trial by jury;

(b) that they recover from Defendants damages;

(c) that they recover from Defendants an amount of damages to compensate them for the emotional pain and suffering they has endured as a result of Defendants' discriminatory, retaliatory, and tortious acts toward them because of Sheyenne's handicap;

(d) that they recover from Defendants punitive damages in an amount to be determined by the enlightened conscience of a jury to punish Defendants for their actions and to deter Defendants from discriminating, retaliating, and committing tortious acts against handicapped individuals in the future;

(e) that they be granted special damages including medical bills;

(f) that they be granted declaratory relief;

(g) that they be awarded permanent injunctive relief to prevent Defendants from engaging in such discriminatory, retaliatory, and tortious conduct in the future;

(h) that they recover from Defendants the costs incurred in bringing this action, including their attorney's fees and expenses of litigation;

(i) that they be awarded pre and post-judgment interest;

(j) that this Court issue a temporary restraining order and then a permanent injunction to halt any removal of Sheyenne's comfort and support animals,

(k) that they have such other and further relief as the Court deems necessary.

Respectfully submitted this 17th day of November 2022.


s/Jack Rosenberg
Jack Rosenberg
Georgia Bar No. 614475
Suite 53
5425 Glenridge Drive
Atlanta, GA  30342
Telephone: (404) 343-1091
Facsimile: (404) 343-1497
jackrosenberg2@gmail.com